IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRADLEY PRICE BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-78-C |
| ) | |
| DR. DONALD SUTMILLER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AFFIRMING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Therein, Plaintiff complains that Defendants failed to provide him with appropriate care during the term of his incarceration. After filing his case, Plaintiff filed a number of motions seeking preliminary injunctive relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), this matter was referred to Magistrate Judge Charles B. Goodwin. Judge Goodwin prepared a Report and Recommendation ("R&R") recommending denial of Plaintiff's requested injunctive relief. Defendant objects to the R&R. Consequently, the Court will conduct a de novo review of the matter.

Judge Goodwin's R&R thoroughly explains the applicable law and the facts of Plaintiff's case to the extent he seeks injunctive relief. After de novo review, the Court finds Plaintiff has raised no ground which would require a result contrary to that determined by Judge Goodwin. As Judge Goodwin noted, none of the evidence provided by Plaintiff demonstrates that he is likely to suffer irreparable harm in the absence of preliminary relief. Nothing in Plaintiff's objection requires a different result. The substance

of Plaintiff's request for injunctive relief related to his medical care is that he be treated with the "new cure." However, he fails to offer any explanation of this "new cure" or why it is better than the care he is receiving. In short, Plaintiff has failed to demonstrate that in the absence of receiving the "new cure" he will suffer irreparable harm. Although not entirely clear, Plaintiff's Motions can also be read to suggest he is not receiving any medical care for his condition. However, the documents provided by Plaintiff as evidence supporting his objection to the R&R demonstrate that Defendants have authorized treatment for Plaintiff consistent with the governing protocol. To the extent this treatment is either not the treatment Plaintiff desires or is not progressing at the rate he desires, neither reason is grounds for injunctive relief. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation") (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)).

As far as Plaintiff's request for access to legal resources or transfer to another institution, as Judge Goodwin noted, both of those claims are beyond the scope of Plaintiff's Amended Complaint and therefore would be inappropriate for a grant of injunctive relief.

Accordingly, after de novo review, the Court adopts in full the Report and Recommendation of Magistrate Judge Goodwin (Dkt. No. 34), denies Plaintiff's request

for injunctive relief, and returns this matter to the Magistrate Judge for further proceedings consistent with the original Order of Referral.

IT IS SO ORDERED this 17th day of September, 2015.

ROBIN J. CAUTHRON
United States District Judge